## ACIDOIL CO. et al. v. MITCHELL.

### No. 30501. Sept. 15, 1942.

Rehearing Denied Oct. 27, 1942.
Application for Leave to File Second
Petition for Rehearing Denied
Dec. 1, 1942.

*130 P. 2d 993.*

N. E. McNeill, of Tulsa, for plaintiffs in error.

Grace Arnold, of Drumright, for defendant in error.

BAYLESS, J. Ed Mitchell instituted an action in the superior court of Creek county against Acidoil Company and Wood Oil Company, corporations, to recover damages alleged to have been suffered by him when three of his cows died and other of his stock lost weight and value as the result of drinking salt water negligently permitted to run from companies' leases into plaintiff's water supply. Companies appeal.

Companies argue five propositions, although, as pointed out by plaintiff, these really constitute but two principal propositions. In the course of the discussion of these propositions, it is pointed out that Wood Oil Company occupied a somewhat different relation to plaintiff than does Acidoil Company. Wood Oil Company and plaintiff are cotenants of the same tract of land, whereas Acidoil Company leases and uses another tract of land. We keep this in mind in our discussion.

Companies argue strenuously that plaintiff's evidence is insufficient to justify submitting the issue to the jury. The plaintiff's evidence is not as clear and logically related as could reasonably be expected, but after a review thereof, we are of the opinion that there is sufficient evidence to justify submitting the issue to the jury.

At certain places in plaintiff's testimony it would appear that specific dates mentioned have the effect of placing the escape of the salt water into his water supply at a time subsequent to the appearance of the injurious effects upon his cattle. However, in other parts of his testimony, in statements of conditions of time and place generally, he makes it appear that salt water escaped into his water supply before the cattle began to suffer.

Plaintiff and certain of his witnesses gave specific evidence of the condition of the herd at times after the salt water had been drunk, and it would appear that there was no shrinkage in weight or depreciation in condition. Yet in other instances plaintiff and certain of his witnesses made statements in the nature of generalities that tended to show shrinkage in weight and loss of condition.

With respect to Acidoil Company, plaintiff gave specific testimony about its servants cutting the wall of the slush pit and permitting salt water to flow from that lease onto the land occupied by plaintiff and thence into his watercourses. The evidence with respect to Wood Oil Company is less specific as to instances, but there is testimony of overflows from time to time

that the jury would be justified in finding that they resulted from negligence.

We think this outline is sufficient to demonstrate our earlier remarks with respect to plaintiff's evidence. We do not feel it is our province to weigh this evidence for the preponderance, but rather the entire evidence presents a problem that is the peculiar province of a jury to determine.

With respect to the three cows that died, the evidence is certainly sufficient to submit to the jury and to support its verdict. As pointed out by companies, this would account for $150 of the $275 verdict of the jury, if it be assumed that the jury allowed the proven value of the cows.

Plaintiff itemized his damages at least to the extent that he separated the dead cows from the injured cattle. He sought $635 for the loss of weight and condition of the cattle, and if the assumption stated in the preceding paragraph is followed still, it would appear that the jury allowed only $125 for this item of damages. Thus the jury may have allowed for the uncertainty mentioned in plaintiff's evidence on this item.

It is next argued that the court erred in failing to give certain instructions on its own motion and later when it refused to so instruct when requested to do so by companies, and that it erred in giving certain instructions wherein there was no statement of the rule of law that companies thought should have been included, as indicated by their request.

As stated, Wood Oil Company had a mineral lease on the same premises plaintiff occupied under an agricultural lease. It is Wood Oil Company's contention that the rule in Tidal Oil Co. v. Pease, 153 Okla. 137, 5 P. 2d 389, places it in a different position with respect to the flowing of salt water on this land than that of Acidoil Company, which occupied and used adjoining land. We have recognized that a mineral lessee's position under the lease authorizes it to make use of whatever part of the surface as is reasonably necessary for the operation of its enterprise, and in such an instance it may use the surface for the purpose of disposing of its salt water. Since Acidoil Company is not the lessee of these premises, it cannot so use them, and when it flows salt water onto these premises it violates the statute and invades the rights of the agricultural lessee.

But we have also pointed out in Phillips Petroleum Co. v. Bartmess, 181 Okla. 501, 76 P. 2d 352, that a mineral lessee may not flow salt water over the surface of the leased premises at will and without regard to the rights of others. The mineral lessee may make use of any part, or perhaps all, of the surface for the purpose of storing salt water produced. But when the amount of salt water produced is such that it can be taken care of by disposal pits or tanks, the lessee is charged with the duty of maintaining these pits and tanks and of confining the salt water thereto. The lessee may not be indifferent to the condition of the pits or tanks, and by reason of his negligent acts or omissions permit the salt water to escape from the pits and tanks to the injury of the agricultural lessee. The mineral lessee is as liable for his negligent acts in these respects as is the mineral lessee who permits his salt water to escape onto other lands whereon he has no legal rights.

The charge plaintiff makes against Wood Oil Company is not that it took and used more of the surface than was reasonable. The charge, in effect, is that Wood Oil Company negligently failed to confine the salt water produced to the receptacles it had provided therefor and negligently permitted the salt water to escape therefrom and flow over the surface and into the watercourse to the detriment and injury of plaintiff.

In the final analysis, having due regard for the difference in legal position of the respective defendant companies to the plaintiff, the charge against them is negligence based on their failure to confine the salt water produced.

534

We think the instructions given are adequate, and that they sufficiently instructed the jury with respect to the basis for liability on the part of the defendants. If the trial court had instructed the jury, simply as an abstract statement of the relative legal relationships existing among the parties, as urged by Wood Oil Company, we do not think it would have justified the jury in taking into account any such differences in determining their respective liability for their respective acts of negligence. Under the circumstances we are of the opinion that the trial court did not commit error when it failed to so instruct the jury on its own motion nor when it refused to so instruct on motion of the defendants.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J.,, and OSBORN, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. RILEY, J., absent.